UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF NICHOLAS DILLON AND ANNE DILLON | Case No.   5:26-mc-80056-EJD<br><br>**ORDER GRANTING APPLICATION FOR DISCOVERY FOR USE IN A FOREIGN PROCEEDING**<br><br>Re: ECF No. 1 |

Before the Court is Nicholas Dillon and Anne Dillon's ("Applicants") *ex parte* application for an order pursuant to 28 U.S.C. § 1782 to authorize discovery for use in a foreign proceeding. Application ("Appl."), ECF No. 1.  Specifically, Applicants seek discovery from Google LLC ("Google") for use in a foreign proceeding in the Probate Court in the United Kingdom ("Tribunal").  *Id.* at 1–2.  For the reasons stated below, the Application is GRANTED.

I.      **BACKGROUND**

Applicants are the parents of Joseph Dillon ("Dillon").  Appl. at 1.  Dillon passed away in the United Kingdom in 2022.  *Id.*  In July 2025, Applicants filed a probate application to finalize Dillon's estate in the Tribunal.  *Id.* at 3–4.

Dillon stored photos and videos in his Google accounts.  Applicants do not have access to Dillon's Google accounts, nor do they have any other way of accessing the photos and videos.  *Id* at 1.  Applicants request a subpoena ordering that Google produce documents stored within Dillon's Google accounts, including budgie0123@gmail.com, joe7dillon@gmail.com, and josephd31415@gmail.com ("the Accounts").  Applicants' proposed subpoena requests that Google produce all "photos, videos, musical recordings, and other digital memories" within the

Case No.: 5:26-mc-80056-EJD
ORDER GRANTING APPLICATION FOR DISCOVERY
1

Accounts.  Appl. Attachment at 5.

## II.    LEGAL STANDARD

Title 28 United States Code § 1782(a) permits federal district courts to assist in gathering evidence for use in foreign proceedings.  28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).  The statute specifically authorizes a district court to order a person residing or found within the district "to . . . produce a document or other thing for use in a proceeding in a foreign or international tribunal."  28 U.S.C. § 1782(a).  The statute may be invoked where: (1) the person from whom discovery is sought resides in the district in which the application is made; (2) the discovery sought is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or "any interested person."  *Intel Corp.*, 542 U.S. at 246; *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019).

In addition to the statutory requirements, the district court still retains "substantial discretion to permit or deny the requested discovery."  *Khrapunov*, 931 F.3d at 926.  In *Intel Corp.*, the Supreme Court identified a non-exhaustive list of factors to consider in ruling on a § 1782(a) application.  *Intel Corp.*, 542 U.S. at 264.  These factors include: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government, court, or agency to U.S. federal-court judicial assistance; (3) whether the request conceals an attempt to circumvent proof-gathering restrictions or other policies of a foreign country or of the United States; and (4) whether the request is unduly burdensome or intrusive.  *Id.* at 264–66.

## III.    DISCUSSION

### A.    Statutory Requirements

Applicants have satisfied the three statutory requirements of § 1782(a).  First, the residence requirement is met because Google's principal office is in this district.  Decl. of Leah Rosa Vulić ("Vulić Decl."), ECF No. 1-3 ¶ 3; *see, e.g.*, *In re Todo*, No. 5:22-mc-80248-EJD, 2022 WL 4775893, at *2 (N.D. Cal. Sept. 30, 2022) ("In this district, business entities are 'found' where the

Case No.: 5:26-mc-80056-EJD
ORDER GRANTING APPLICATION FOR DISCOVERY
2

United States District Court
Northern District of California

business is incorporated, is headquartered, or where it has a principal place of business.") (collecting cases); *In re Kim*, No. 5:24-mc-80152-EJD, 2024 WL 3297071, at *2 (N.D. Cal. July 2, 2024) (Google met residence requirement under 28. U.S.C. § 1782(a) because Google's principal office is in Mountain View).  Second, the discovery is sought for use in foreign proceedings, as Applicants seek to obtain documents relevant to the probate proceeding in the Tribunal.  Appl. at 7.  Third, Applicants are an "interested person" in the foreign proceedings, as Applicants initiated the probate proceeding and are the administrators of Dillon's estate, including the estate's digital assets.  Appl. at 9; *See Intel Corp.*, 542 U.S. at 257 ("any interested person is intended to include not only litigants before foreign or international tribunals, but also . . . any other person [who] . . . merely possess[es] a reasonable interest in obtaining [judicial] assistance." (citation omitted)).

### B.    Discretionary *Intel* Factors

At this stage, the Court also finds that the discretionary *Intel* factors weigh in favor of granting Applicants' *ex parte* application.

### 1.    Participation of Target in the Foreign Proceeding

The first discretionary *Intel* factor considers whether the discovery target is or will become a participant in the foreign proceeding.  The relevant inquiry is "whether the foreign tribunal has the authority to order an entity to produce the . . . evidence."  *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1039 (N.D. Cal. 2016); *see also In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) ("[T]he first *Intel* factor militates against allowing § 1782 discovery when the petitioner effectively seeks discovery from a participant in the foreign tribunal even though it is seeking discovery from a related, but technically distinct entity." (internal quotation marks and citation omitted)).

Here, Google is not and will not become a party in the Tribunal proceedings, and therefore, the Tribunal would be unable to compel Google to produce the discovery without the aid of § 1782.  Vulić Decl. ¶ 8.  In circumstances such as these, the "need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties

Case No.: 5:26-mc-80056-EJD
ORDER GRANTING APPLICATION FOR DISCOVERY

United States District Court
Northern District of California

appearing before it or third parties within its jurisdiction to produce evidence." *In re Med. Corp. Takeuchi Dental Clinic*, No. 22-mc-80077-VKD, 2022 WL 1803373, at *3 (N.D. Cal. June 2, 2022), *report and recommendation adopted sub nom. Med. Corp. v. Google, LLC*, No. 22-mc 80077-HSG (N.D. Cal. July 22, 2022) (citing *Intel*, 542 U.S. at 264).  Accordingly, the first *Intel* factor weighs in favor of granting the Application.

### 2.    Receptivity of Foreign Tribunal to U.S. Judicial Assistance

The second *Intel* factor, which considers the receptivity of the foreign government, court, or agency to U.S. federal-court judicial assistance, also favors granting the Application.  To evaluate this factor, courts focus on the utility of the evidence sought and whether the foreign tribunal is likely to receive the evidence.  *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1040.  Where there is no evidence or case law suggesting that the Tribunal would be unreceptive to the discovery sought, courts tend to "err on the side of permitting discovery." *In re Varian*, 2016 WL 1161568, at *4.

Here, the Court is unaware of any evidence that the Tribunal would reject evidence obtained via § 1782.  Appl. at 6–7.  Furthermore, this Court has previously permitted §1782 discovery for proceedings occurring in the United Kingdom.  *See, e.g.*, *Qualcomm Inc. v. Apple Inc.*, No. 5:24-MC-80019-EJD, 2024 WL 536355, at *3 (N.D. Cal. Feb. 9, 2024); *Consumers' Ass'n v. Defendant*, No. 5:23-MC-80322-EJD, 2024 WL 251411, at *3 (N.D. Cal. Jan. 23, 2024).  Given that there is no authoritative proof that the Tribunal would reject evidence obtained under § 1782, the second *Intel* factor weighs in favor of granting the Application.

### 3.    Circumvention of Proof-Gathering Restrictions

The third *Intel* factor considers whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel Corp.*, 542 U.S. at 264–65.  This factor also weighs in favor of granting the Application.  "Courts have found that this factor weighs in favor of discovery where there is 'nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions.'" *Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 899 (N.D. Cal. 2021) (alteration in original) (quoting *In*

Case No.: 5:26-mc-80056-EJD
ORDER GRANTING APPLICATION FOR DISCOVERY
4

*re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014)).

Here, Applicants' counsel has represented that Applicants are not attempting to circumvent any foreign proof-gathering restrictions or other policies of the United Kingdom or the United States of America. Vulić Decl. ¶ 11. The Court finds no reason to doubt Applicants' counsel's representations. Given that there is nothing to suggest that Applicants are attempting to circumvent foreign proof-gathering restrictions, the third *Intel* factor weighs in favor of granting the Application.

### 4. Unduly Intrusive or Burdensome

The fourth factor that the Court must consider is whether the requested discovery is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. Courts have found that requests are unduly intrusive and burdensome "where they are not narrowly tailored" and "appear to be a broad 'fishing expedition' for irrelevant information." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1043.

Here, Applicants' proposed subpoena seeks all photos, videos, musical recordings, and other digital memories stored within Dillon's Google accounts. Appl. Attachment. Google has preserved the data in the Google accounts and will release the data to Applicants upon this Court's order. Decl. of Anne Dillon ("A. Dillon Decl."), ECF 1-4 at 2.

The Court finds the request to be narrowly tailored to only seek documents relevant to the foreign proceedings. Further, this request is unlikely to create a significant burden on Google because the documents requested have already been gathered and preserved by Google. A. Dillon Decl. ¶ 7. Therefore, the Court finds that the fourth *Intel* factor favors granting Applicants' request for the documents stored in Dillon's Google Accounts.[1]

---

[1] The Court has also considered whether the requested discovery is unduly intrusive or burdensome to Dillon. In cases involving the records of a deceased individual for estate purposes, however, courts typically focus only on whether the applicants "narrowly tailored the subpoenas to request only information that is directly relevant and material to the [foreign] claims." *In re Gonzalez*, No. 23-MC-23593, 2023 WL 6638062, *5 (S.D. Fla. Oct. 12, 2023). The Court finds that the requested discovery is narrowly tailored to be relevant to the proceedings in the Tribunal.

Case No.: 5:26-mc-80056-EJD
ORDER GRANTING APPLICATION FOR DISCOVERY
5

**IV.    CONCLUSION AND ORDER**

Based on the foregoing, the Court finds that Applicants' § 1782 Application satisfies the statutory requirements and that the discretionary *Intel* factors also favor granting the Application.

The § 1782 Application is **GRANTED**. Applicant may serve a subpoena on Google, along with the following requirements:

1.    Applicant SHALL SERVE a copy of this Order on Google with the proposed subpoena;

2.    If any party disputes the subpoena, Google SHALL PRESERVE BUT NOT DISCLOSE the information sought by the subpoena pending resolution of that dispute;

3.    This Order is WITHOUT PREJUDICE to any argument that may be raised in a motion to quash or modify the subpoena from Google.

**IT IS SO ORDERED.**

Dated: June 29, 2026

EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California

Case No.: 5:26-mc-80056-EJD
ORDER GRANTING APPLICATION FOR DISCOVERY
6